**IN THE COURT OF APPEALS OF IOWA**

No. 20-1237
Filed April 14, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**RONALD EDWARD COLE,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Mark F. Schlenker, District Associate Judge.

　　Ronald Cole appeals his sentence for operating while intoxicated. **AFFIRMED.**

　　Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

　　Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Ronald Cole pled guilty to operating while intoxicated, first offense. His plea petition acknowledges: "There is a joint recommendation of 67 days in jail, the Defendant shall serve 7 days in jail and then be released on electronic monitoring through the Polk County Sheriff's Office. The Defendant will be placed on Probation for 12 months . . . ." The plea was accepted by the district court, and a sentencing hearing was scheduled. The sentencing court imposed a sentence of one year in jail with all but sixty-seven days suspended. Cole was credited with one day served. He was ordered to serve seven days in jail before becoming eligible for electronic monitoring and placed on probation for a year. Cole appeals his sentence.[1]

Cole claims his sentence is illegal. He implies it is grossly disproportionate to his crime and, thus, violates his constitutional protection against cruel and unusual punishment. Article I, section 17 of the Iowa Constitution and the Eighth Amendment of the United States Constitution provide persons convicted of a crime with the right to be free from cruel and unusual punishment. U.S. Const. amend. VIII; Iowa Const. art. I, § 17. An illegal sentence may be challenged at any time. *State v. Parker*, 747 N.W.2d 196, 212 (Iowa 2008). When a defendant raises a

---

[1] Under Iowa Code section 814.6 (2020), defendants cannot appeal a conviction following a guilty plea (other than class "A" felonies) without good cause. Good cause exists when a defendant challenges the sentence rather than the plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Cole is challenging his sentence, he has good cause to appeal.

constitutional challenge to a sentence, our review is de novo. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

Cole's sentence is well within the bounds authorized by statute. *See* Iowa Code § 321J.2(3)(a) (providing for a maximum period not to exceed one year imprisonment in the county jail). In reviewing a claim of cruel and unusual punishment, if the sentence does not support an inference of gross disproportionality, then no further analysis is necessary. *See State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012). "[L]egislative determinations of punishment are entitled to great deference," and "[s]trict proportionality in sentencing . . . is not required." *Bruegger,* 773 N.W.2d at 872-73. Furthermore, "[l]egislative judgments are generally regarded as the most reliable objective indicators of community standards for purposes of determining whether a punishment is cruel and unusual." *Id.* at 873. Generally, a sentence within the bounds authorized by statute is unlikely to be grossly disproportionate. *See id.* "[I]t is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Oliver*, 812 N.W.2d at 650. With these principles in mind, Cole's sentence does not create an inference of gross disproportionality. We reject Cole's suggestion that his sentence imposes cruel and unusual punishment.

Cole next appears to argue the sentencing court abused its discretion in not properly addressing his potential for rehabilitation through probation and treatment. We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When a district court, as here, imposes a sentence within statutory limits, the sentencing decision "is cloaked with a strong presumption in its favor." *Id.* We will reverse the sentence only if the

court abused its discretion or considered improper factors. *See id.* Our job is not to "second guess" the sentencing court's decision. *Id.* Instead, we assess whether the court decided on clearly untenable grounds. *Id.*

The district court's sentence fell within the statutory limits. Cole waived reporting of the sentencing hearing and has provided no facts on which to make a finding of abuse of discretion. We find no abuse of discretion on the part of the sentencing court.

**AFFIRMED.**